```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
ALEJO POLANCO,                      :
                                    :
           Petitioner,              :    Civ. No. 18-6582 (NLH)
                                    :
      v.                            :    OPINION
                                    :
WARDEN J. HOLLINGSWORTH,            :
                                    :
           Respondent.              :
_____ :
```

APPEARANCES:
Alejo Polanco, No. 58958-054
FCI Ft. Dix
P.O. Box 2000
Fort Dix, NJ 08640
      Petitioner Pro se

Elizabeth Ann Pascal, Esq.
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
      Counsel for Respondent

HILLMAN, District Judge

Petitioner Alejo Polanco, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his sentence. ECF No. 1. Presently before the Court is Respondent's Motion to Dismiss the Petition for lack of jurisdiction. ECF No. 8. Petitioner has failed to file an opposition to the Motion, and the Motion is now ripe for disposition. For the reasons that follow, the Court will grant the Motion and dismiss the Petition.

I.  BACKGROUND

Petitioner Alejo Polanco is presently serving a twenty-seven (27) year federal sentence for his convictions by jury for "drug and Hobbs Act conspiracy, use and discharge of firearms, and murder." ECF No. 1-1 at 1. Petitioner was convicted of these offenses in the U.S. District Court for the Eastern of New York, and also has a conviction from the U.S. District Court for the Southern District of New York. See No. 08-cr-65 (E.D.N.Y.); No. 05-cr-185 (S.D.N.Y.). After his sentencing, Petitioner moved under 18 U.S.C. § 3582(c) for a reduction in his sentence based on Amendment 782 to the Guidelines, but his sentencing court denied the motion, finding that the applicable amendment did not alter Polanco's advisory guideline sentence of life. No. 08-cr-65, ECF No. 351 (E.D.N.Y.). Petitioner also filed a direct appeal regarding his sentence, which was affirmed. See United States v. Vasquez, et al., 672 F. App'x 56 (2d Cir. 2016).

Next, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of New York, his sentencing court, arguing that his counsel was ineffective for failing to seek a downward departure and that Petitioner should receive a reduction pursuant to Federal Rule of Criminal Procedure 35(b). See No. 17-cv-2195 (E.D.N.Y.). That motion was denied, with the sentencing court

noting that (1) his trial counsel did advocate for a below guidelines range, which he received, and (2) Petitioner provided no substantial assistance post-sentencing and thus could not rely on Federal Rule of Criminal Procedure 35(b) for a reduction in sentence. ECF No. 1-1 (opinion denying § 2255 relief attached as an exhibit to the Petition).

After his § 2255 motion was denied, Petitioner filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court, his district of confinement, advancing the same argument contained in his § 2255 motion and seeking a reduction in his sentence for alleged substantial assistance post-sentencing. See ECF No. 1. Petitioner does not provide a brief in support of his Petition. However, he does attach as an exhibit the opinion denying his § 2255 motion. See ECF No. 1-1.

II. DISCUSSION

A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429

3

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

    B.  Analysis

Petitioner raises as his only ground for relief in the Petition a challenge to his sentence as imposed, requesting a reduction pursuant to Federal Rule of Criminal Procedure 35(b) for substantial assistance post-sentencing. As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement including their sentence as imposed. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." <u>Dorsainvil</u>, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. <u>Id.</u> To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. <u>Id.</u> at 251-52.

Under <u>Dorsainvil</u> and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner

5

demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception because Petitioner had an opportunity to seek judicial review of the legality of his confinement and sentence in his § 2255 motion.  Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Court of Appeals for the Second Circuit to file a second or successive petition.  28 U.S.C. § 2244(b)(3).  The Court finds that it is not in the interests of justice to transfer this habeas petition to the Second Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2).  This Court's decision not to transfer the case does not prevent
6

Petitioner seeking permission from the Second Circuit on his own.

III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss will be granted and the Petition dismissed for lack of jurisdiction. An appropriate order will be entered.


Dated: December 28, 2018          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.